THEO ILUNGI MAMBULA,

Plaintiff,

ORDER

v.

17-cv-966-jdp

MISSING AND EXPLOITED CHILDREN (AGENCY),

Defendant.

Plaintiff Theo Ilungi Mambula, a Madison resident, filed this lawsuit naming "Missing and Exploited Children (Agency)" as the defendant. I dismissed Mambula's complaint under Federal Rule of Civil Procedure 8 because I could not tell what entity he intended to sue or how defendant harmed him. Dkt. 4. I gave him a chance to submit an amended complaint better explaining his allegations. Mambula has responded by filing a letter in which he provides more information. Dkt. 5. I will consider the letter to be a supplement to the original complaint, and I will screen his allegations in those two documents together, just as I screened his original complaint.

Mambula now identified the defendant as "Dane County Missing and Exploited Children Northside section in Madison." *Id.* at 1. My own cursory research does not reveal an entity with this name, but I infer from Mambula's allegations that defendant is a Dane County agency. Mambula also states that he is "complaining of defamation" because defendant is "spreading fault[y] news about [him]." *Id.* I take him to be saying that the false information is that he is a sex offender; my research does not show Mambula's name on the state or nationwide sex-offender databases. He says that as a result, he cannot get a job and he has been

treated poorly by his landlord and others in the community. He also alleges that agency employees have harassed him and his family in a number of ways.

There are still problems with Mambula's allegations that require correction before he may proceed with any claims. It is still not clear that this court has jurisdiction over his claims. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). The party invoking federal jurisdiction bears the burden of establishing that jurisdiction is proper. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009).

Having one's reputation harmed by being incorrectly labeled a sex offender does not implicate a constitutional right, so Mambula has no federal constitutional claim for defamation. *See Paul v. Davis*, 424 U.S. 693, 712 (1976) ("[W]e hold that the interest in reputation asserted in this case is neither 'liberty' nor 'property' guaranteed against state deprivation without due process of law."). He also alleges that agency employees have harassed him and his family, but he does not name any individuals as defendants, nor does he allege that the agency's decisions are the results of a policy or custom, as is required to bring a constitutional claim directly against the county. I also note that some of these allegations are implausible: for instance, he states that "agency" employees followed him around constantly, even to Tanzania. In any event, he currently states no claims for relief regarding this harassment. Mambula is free to amend his complaint again to better explain his allegations if there are claims he wishes to bring against the county or individual county employees.

Defamation is a state-law claim, and this court cannot hear cases involving only state-law claims unless the parties are citizens of different states and the amount in controversy is

greater than $75,000 28 U.S.C. § 1332. Mambula already alleged that he is a citizen of Wisconsin, although he now says that he is in danger of deportation, which suggests that he is a foreign citizen. Even so, Mambula cannot bring a diversity lawsuit if he is "lawfully admitted for permanent residence in the United States and [is] domiciled in [the same state as defendant]." § 1332(a)(2). Mambula also does not allege that the amount in controversy is greater than $75,000.

So for now, the only claim that Mambula potentially states is a Wisconsin-law defamation claim against Dane County. But before I can allow him to proceed on a defamation claim, he will have to provide a supplement to his complaint that addresses the diversity-jurisdiction problems discussed above. In particular, he will have to explain:

- Is he a United States citizen?

- If not, what is his status? For instance, is he a lawful permanent resident of the United States?

- Does he seek money damages, and if so, how much?

I will give Mambula a final, short time to provide this supplement. If he fails to properly address these questions, I will dismiss the case for lack of subject-matter jurisdiction.

ORDER

IT IS ORDERED that plaintiff Theo Ilungi Mambula may have until October 12, 2018, to submit a supplement to the complaint addressing the jurisdictional questions discussed in the opinion above.

Entered September 28, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge